UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:25-cv-20562-RKA

D.D.
A citizen and resident of Arizona,

    Plaintiff,

v.

PRINCESS CRUISE LINES, LTD.
A foreign Corporation with its principal place of
business in California, d/b/a
PRINCESS CRUISES,

    Defendant.
_____/

## **DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

Defendant, PRINCESS CRUISES LTD., (hereafter "Defendant" or "Princess"), by and through undersigned counsel, hereby moves to dismiss the Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). Defendant petitions the Court to enter an Order dismissing the Complaint.

### I.    Introduction

Plaintiff brings a two count Complaint for vicarious liability and direct negligence. The Complaint alleges that after a late evening of dancing in a shipboard lounge, she was escorted to her cabin by an unnamed crewmember who Plaintiff alleges "sexual[y] assault[ed] and/or rape[d]" her. *see* Complaint, ¶¶ 13-15, (DE 1). The Complaint fails to allege the requisite facts needed to establish a cause of action for Negligence incuding notice of the particular dangerous condition Plaintiff alleges caused her injury.  The Complaint thereby fails to properly plead the elements of the claim. As the Complaint has not factually plead Princess had knowledge of the existence of

the particular dangerous condition which Plaintiff claims caused her injury, the Complaint likewise fails to plead that the allegedly dangerous condition was the proximate cause of the alleged injuries. The Complaint also impermissible lumps multiple distinct theories of negligence into a single cause of action without separating them, and fails to provide the factual basis for each theory. As the Complaint lacks the requisite factual allegations to support the elements of the claims being raised, Defendant respectfully requests an Order dismissing the Complaint so that Plaintiff can amend to properly plead her claim as required by the Federal Rules of Civil Procedure.

## II.     Legal Standard

To survive a Rule 12(b)(6) motion, a complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level, … on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 555 (citations omitted). "The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." *Id.* Although the Court must accept as true a complaint's well pleaded facts, conclusory allegations of law and unwarranted inferences will not defeat an otherwise proper Rule 12(b)(6) motion. *Vasquez v. L.A. County*, 487 F.3d 1246, 1249 (9th Cir. 2007).

## III.    Memorandum of Law

### A. Federal Maritime Law Applies to Plaintiffs' Claims

As Plaintiff acknowledges by stating that "Federal maritime law" applies to Plaintiff's claims relating to her "ticket contract." Complaint, ¶¶7, 20, (DE 1). Maritime law applies when "(1) the alleged wrong occurred on or over navigable waters, and (2) the wrong bears a significant

relationship to traditional maritime activity." *Williams v. United States*, 711 F.2d 893, 896 (9th Cir.1983). "'[V]irtually every activity involving a vessel on navigable waters" is a "traditional maritime activity sufficient to invoke maritime jurisdiction." *See Taghadomi v. United States*, 401 F.3d 1080, 1087 (9th Cir. 2005) (quoting *Jerome B. Grubart, Inc. v. Great Lakes Dredge & Dock Co.*, 513 U.S. 527, 542 (1995)); *Wilkinson v. Carnival Cruise Lines, Inc.*, 920 F.2d 1560, 1654 n. 10 (11th Cir. 1991) ("In maritime tort cases such as this one, in which injury occurs aboard a … ship upon navigable waters, federal maritime law governs the substantive legal issues.").

### B. The Amended Complaint Violates FRCP 8 and 10

The Complaint fails to comport with pleading requirements of the Federal Rules of Civil Procedure and should be dismissed with Plaintiff given an opportunity to correctly plead her claim if she wishes to proceed. Today, Fed. R. Civ. P. 8 "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Iqbal*, 556 U.S. at 678; *See also Twombly*, 550 U.S. at 570. The heighted pleading standard adopted by the Supreme Court is not aspirational, it is governing law. In recognition of the discovery abuses endured by defendants under the plead first and find factual support during discovery litigation tactic endorsed by *Conley v. Gibson,* 355 U.S. 41 (1957)*,* the Supreme Court reversed course in its landmark opinions of *Twombly* and *Iqbal*. *Twombly*, 550 U.S. at 570 and *Iqbal*, 556 U.S. at 678. Key here are the two working principals analyzed by the Supreme Court in *Iqbal* to reach the conclusion that *Twombly's* interpretation of Fed. R. Civ. P. 8 "governs the pleading standard 'in all civil actions.'" *Iqbal*, 556 U.S. at 678-679 (citing Twombly, 550 U.S. at 556). As the Supreme Court explained:

> **Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice**. *Id*., at 555, 127 S.Ct. 1955 (Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, **we "are not bound to accept as true a legal conclusion couched as a factual allegation"** (internal quotation marks omitted)). Rule 8 marks a notable and generous departure from the hypertechnical, code-pleading

regime of a prior era, **but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusion**.

*Iqbal*, 556 U.S. at 678-679 (citing *Twombly,* 550 U.S. at 556) (emphasis added).

Affirming their rejection of the "careful-case-management approach," and recognizing that the limitations placed on the discovery process by the court of appeals which cabined "discovery in such a way as to preserve' petitioners' defense of qualified immunity" was not good enough, the Supreme Court explained in *Iqbal* that:

> **We have held, however, that the question presented by a motion to dismiss a complaint for insufficient pleadings does not turn on the controls placed upon the discovery process.** *Twombly*, supra, at 559, 127 S.Ct. 1955 ("It is no answer to say that a claim just shy of a plausible entitlement to relief can, if groundless, be weeded out early in the discovery process through careful case management given the common lament that the success of judicial supervision in checking discovery abuse has been on the modest side" (internal quotation marks and citation omitted)).

*Id*. at 685. (citing *Twombly,* 550 U.S. at 559) (emphasis added). In dismissing the petitioner's cause of action in *Iqbal*, the Supreme Court concluded that:

> **We decline respondent's invitation to relax the pleading requirements on the ground that the Court of Appeals promises petitioners minimally intrusive discovery.** That promise provides especially cold comfort in this pleading context, where we are impelled to give real content to the concept of qualified immunity for high-level officials who must be neither deterred nor detracted from the vigorous performance of their duties. **Because respondent's complaint is deficient under Rule 8, he is not entitled to discovery, cabined or otherwise.**

*Id*. at 686 (emphasis added).

Under Fed. R. Civ. P. 8(a)(2), a plaintiff must allege a breach of duty by providing a "short and plain statement of the claim showing that the pleader is entitled to relief." While "detailed factual allegations" are not required, it demands "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. At a minimum, a plaintiff must state "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. A plaintiff must allege enough facts to "nudge [a plaintiff's] claims across the line from conceivable

to plausible." *Id*. As the Supreme Court explained in *Iqbal,* pleadings alleging that a defendant "knew of, condoned, and willfully and maliciously [acted]," amount to "formulaic recitations of the elements." *Iqbal*, 556 U.S. at 680-681.

   1. **Count II of the Complaint Impermissibly Lumps Distinct Theories of Negligence into a Single Cause of Action**

The Eleventh Circuit has identified four typical types of shotgun pleadings, one of which is where counsel "commits the sin of not separating into a different count each cause of action or claim for relief." *Wilson v. NCL Bahamas*, 18-25203-Civ, 2019 WL 2106470 (S.D. Fla. May 14, 2019) (Goodman, Mag. J.) (quoting *Weiland v. Palm Beach County Sheriff's Office*, 792 F.3d 1313, 1321-23 (11th Cir. 2015)). Here, the Complaint commits the same sin, insomuch as the cause of action for direct negligence provides a list of 9 potential theories of negligence, each pled in a boilerplate fashion and all lacking the necessary factual support. *see* Complaint, ¶ 28 (DE 1).

In addition to the stated claim of direct negligence for failing to minimize or prevent the alleged sexual assault, Count II alleges at least nine additional distinct theories of liability in a single paragraph, and incorporates them into the cause of action for direct negligence. *see* Complaint, ¶¶ 23-29 (DE 1). This includes but is not limited to an alleged failure to investigate, failure to train, failure to supervise, failure to provide adequate security, failure to promulgate policies, failure to enforce policies, and failure to warn. *see* Complaint, ¶ 28 (DE 1). These claims are distinct theories of liability that must be asserted independently and each with corresponding supporting factual allegations. *See Garcia v. Carnival Corp.*, 838 F. Supp. 2d 1334, 1337, n.2 (S.D. Fla. 2012) (Moore, J.) (dismissing maritime negligence claim that "epitomizes a form of 'shotgun' pleading," where the plaintiff alleged that the defendant owed a duty of "reasonable care under the circumstances," and then "proceed[ed] to allege at least twenty-one ways in which [the d]efendant breached this duty"); *Brown v. Carnival Corp.*, 202 F. Supp. 3d 1332, 1338 (S.D. Fla.

2016) (Ungaro, J.) ("Simply alleging that Carnival owed Plaintiff a duty of 'reasonable care' in a conclusory fashion, while also pleading ["forty-one"] alleged breaches that purport to impose a heightened duty upon Carnival, is not sufficient to state a valid negligence claim under maritime law," and holding that "the burden will remain on Plaintiff to review her Complaint and ensure that each factual allegation is supported by law and plausible facts, and is alleged in good faith."); *Gayou v. Celebrity Cruises,* Inc., No. 11-23359-Civ, 2012 WL 2049431, at *5-*6, n.2 (S.D. Fla. June 5, 2012) (Scola, J.) (ordering plaintiff to amend complaint to "separately allege an independent count" for various theories of liability that were lumped into a single maritime negligence claim); *Flaherty v. Royal Caribbean Cruises*, Ltd., No. 15-22295, 2015 WL 8227674, *3 n.3 (S.D. Fla. Dec. 7, 2015) (Lenard, J.) (same); *Doe v. NCL (Bahamas) Ltd*., 2016 WL 6330587, at *3 (S.D. Fla. Oct. 27, 2016) (Ungaro, J.) (holding that Plaintiff's "boilerplate allegations" of breach of duty failed to state a claim for negligent hiring and retention, training and supervision under maritime law, and ordering Plaintiff to "allege each of these three claims in separate Counts" in an amended complaint (emphasis in original)); *Ciethami v. Celebrity Cruises, Inc*., 207 F. Supp. 3d 1345, 1349-50 (S.D. Fla. 2016) (Williams, J.) (holding that maritime negligence claim failed Rule 8(a), where the Plaintiff's "shotgun-style recitation[ ]" of "34 breaches of duty," "without any factual context," makes "any meaningful assessment of her claims difficult"); *Gharfeh v. Carnival Corp.*, No. 17-20499, 2018 WL 501270, at *3, *6-*7 (S.D. Fla. Jan. 22, 2018) (Goodman, Mag. J.) (dismissing maritime negligence count that "improperly commingles claims" as an "impermissible shotgun pleading"); *Ward v. Carnival Cruises*, No. 17-24628, 2019 WL 342027, at **2-3, n.1, n.2 (S.D. Fla. Jan. 28, 2019) (Scola, J.) (collecting cases). Plaintiff's cause of action for direct negligence includes multiple distinct causes of action that must all be separately pleaded. *Bacon v. Celebrity Cruises, Inc*., No. 21-22594-CIV, 2021 WL 3191058,

at *1 (S.D. Fla. July 28, 2021). As such, Defendant respectfully requests an Order dismissing the Complaint.

### 2. Count II of the Complaint Fails to State a Claim

As a separate basis of dismissal, Count II of the Complaint fails to factually allege the elements of her claim. "To plead negligence, a plaintiff must allege that (1) the defendant had a duty to protect the plaintiff from a particular injury; (2) the defendant breached that duty; (3) the breach actually and proximately caused the plaintiff's injury; and (4) the plaintiff suffered actual harm." *see Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1336 (11th Cir. 2012). It is settled law that "[a] carrier by sea does not serve as an insurer to its passengers; it is liable only for its negligence." *Weiner v. Carnival Cruise Lines*, No. 11-CV-22516, 2012 WL 5199604, at *2 (S.D. Fla. Oct. 22, 2012); see *Kermarec v. Compagnie Generale Translatlantique*, 358 U.S. 625, 632 (1959). A defendant is liable for negligence if the plaintiff shows, *inter alia*, that the defendant owed a duty to the plaintiff and breached that duty. *Samuels v. Holland Am. Line-USA Inc.*, 656 F.3d 948, 953 (9th Cir. 2011). The Eleventh Circuit recently reaffirmed the principle that, "to survive [a] motion to dismiss," the plaintiff must "plead sufficient facts to support each element of his claim, including that [the defendant] had actual or constructive notice about the dangerous condition." *Holland v. Carnival Corp.*, 50 F.4th 1088, 1095 (11th Cir. 2022). Mere "conclusory allegations" as to notice are not enough. *Id.* at 1095. In other words, the "*possibility* that [the Defendant] ha[s] constructive notice" is not enough. *Id.* at 1096. Allegations must "cross the line from possibility to plausibility of entitlement to relief." *Id.*

The owner of a cruise ship in navigable waters owes its passengers "the duty of exercising reasonable care under the circumstances of each case." *Id*. (quoting *Kermarec*, 358 U.S. at 632). A cruise-ship owner cannot be held liable for breaching its duty unless it had actual or constructive

notice of the actual risk which caused the injury. Actual notice exists when "the defendant knows of the risk creating condition." *Bujarski v. NCL (Bahamas) Ltd.*, 209 F. Supp. 3d 1248, 1250 (S.D. Fla. 2016) (citing *Keefe v. Bahama Cruise Line, Inc.,* 867 F.2d 1318, 1322 (11th Cir. 1989)). And constructive notice arises when "a dangerous condition has existed for such a period of time that the shipowner must have known the condition was present and thus would have been invited to correct it." *Id*. at 1250-51 (quotations omitted)); *See also Navarro v. Carnival Corp.*, No. 19-21072-Civ, 2020 WL 1307185, at *3 (S.D. Fla. March 19, 2020) (same). The Complaint fails to establish either. Worse still, the Complaint does not even incorporate sufficient factual allegations to support the inference that some dangerous condition existed.

   a. **The Complaint Does Not Factually Allege the Notice or Causation Elements of Negligence**

The Complaint fails to plausibly plead Defendant's actual or constructive notice, especially given no specific dangerous condition has been factually alleged.[1] The Complaint provides two theories apparently attempting to satisfy the notice requirement. While both appear to be pointing towards different allegedly dangerous conditions, neither theory is supported by factual allegations or alleged to be the proximate cause of the incident. *see* Complaint, ¶¶ 25-26, (DE 1).

First, Plaintiff alleges that Defendant was on notice that a specific crewmember in the lounge constituted a dangerous condition because of "governmentally compiled statistics that sexual offenses" have occured on other cruise vessels, involving other companies, other individuals and other circumstances. *id. at* ¶25. This allegation however is factually deficient and divorced from proximate causation as it alleges nothing more than the fact that sexual assaults can

---

[1] This pleading failure is fatal to Plaintiff's claims. For instance, logic dictates that in the absence of a factually alleged dangerous condition (let alone notice of one) a cause of action predicated on failing to warn of the unpled dangerous condition cannot survive a Motion to Dismiss. *see* Complaint, ¶ 28(i), (DE 1).

occur throughout society, including on cruise ships. Plaintiff does not plead what statistics are being referenced, when they were compiled, how those facts give notice to Princess that this particular crewmember posed an unreasonable risk of harm to Plaintiff, which government compiled them, or that any such statistics relate to incidents which are substantially similar to the alleged dangerous condition such that notice could be imputed. Without alleging the factual basis upon which Plaintiff hinges her allegation of notice, and by failing to factually allege the existence of any specific danger which Princess should have known about, she fails to establish the notice and proximate cause elements of Negligence. Plaintiff does little more than assert that the entirety of the cruise industry worldwide is on notice of any sexual assault because of a vague reference to "governmentally compiled statistics." *id.* Such general knowledge allegations are barebone, lacking factual detail, and to the extent that the Plaintiff's Complaint could be "'interchangeably alleged against any cruise line defendant' the plaintiff has failed to adequately state a claim." *Rosenberg v. NCL (Bahamas) Ltd.*, No. 22-23642-CIV, 2023 WL 1466858, at *2 (S.D. Fla. Feb. 2, 2023) (citing *Christie v. Royal Caribbean Cruises, Ltd.*, No. 20-22439-Civ, 2020 WL 6158815, at *6 (S.D. Fla. Oct. 21, 2020) (Scola, J.).); *See also Holland v. Carnival Corp.*, 50 F.4th 1088, at*3 (11th Cir. 2022); *Newbauer v. Carnival Corp.*, 26 F.4th 931 *at* *3 (11th Cir. 2022) (Cert. Denied). Even assuming some *other* individuals were involved in a *different* sexual assault onboard the subject vessel, that by itself would not establish notice that the specific crewmember Plaintiff claims assaulted her would sexually assault Plaintiff. Complaint, ¶¶ 12-14 (DE 1). The allegation that sexual assaults have occurred on cruise ships cannot provide notice for all future sexual assaults, just like an allegation that passengers have slipped and fallen on cruise ships does not create notice for every slip and fall on every cruise ship. To state a claim, Plaintiff must identify the specific dangerous condition which she alleged proximately caused her injury and plead the

factual basis of Defendant's knowledge of that dangerous condition. *see Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1336 (11th Cir. 2012); *Keefe v. Bahama Cruise Line, Inc.,* 867 F.2d 1318, 1322 (11th Cir. 1989).

The Complaint next alleges that Defendant had notice of some allegedly dangerous condition aboard the subject cruise vessel because crewmembers work in areas, like the lounge, where they "would have the ability and opportunity to interact with passengers," "including passengers whose faculties were impaired by alcohol," and that those crewmembers would then "have the opportunity to take advantage of" those passengers "so as to commit assaults and other crimes." *see* Complaint, ¶26 (DE 1). Here, just as in *Holland*,

> **Plaintiff "mistakenly conflates foreseeability with actual or constructive notice."** Navarro, 2020 WL 1307185, at *3 (S.D. Fla. March 19, 2020) (Moreno, J.). As the Court suggested in Navarro, **the fact that an event is foreseeable**, i.e. that a "wet or slippery transient foreign substance" could end up on a highly trafficked staircase near shops and dining areas is foreseeable, but that **does not mean Carnival was on actual or constructive notice of that condition.** While constructive notice can be plead by showing a condition existed for a long enough period of time that the shipowner must have known of the danger, the Plaintiff provides no factual allegations at all to support a conclusion that Carnival should have known of the "wet or slippery transient foreign substance" on the stairs between deck 4 and 5. The totality of Plaintiff's allegations is that certain of the Defendant's employees may have been in a position to see that there was a liquid on the stairs in question and the stairs are in a high traffic area of the ship. As plead, it is impossible for the Court to tell if the hazardous condition the Plaintiff complains of was present for five second, five minutes, or five hours. While the Plaintiff's complaint makes clear it is possible that Carnival was on notice, the Plaintiff's complaint does not state a claim that is plausible on its face sufficient to survive a motion to dismiss.

*Holland v. Carnival Corp.*, No. 20-21789-CIV, 2021 WL 86877, at *3 (S.D. Fla. Jan. 11, 2021), aff'd, 50 F.4th 1088 (11th Cir. 2022)(emphasis added). The Complaint must do more than allege that it is foreseeable that sexual assaults could occur in places where people drink alcohol. While the Complaint attempts to plead that a dangerous condition existed merely because passengers

were allegedly being served alcohol, this does not establish notice of any dangerous condition. Complaint, ¶26 (DE 1). Here, the Complaint asserts that Defendant was on notice that a specific crewmember (a disc jockey) would sexually assault a passenger because other crewmembers served drinks to passengers in the same room. *Id.* While "detailed factual allegations" are not required, the pleading standard demands "more than an unadorned, the-defendant- unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. Here, if Plaintiff seeks to invoke nelgience liability, Plaintiff must plead facts that establish Defendant had notice of the allegedly dangerous condition onboard. Complaint, ¶29 (DE 1). Moreover, despite alleging at least nine additional distinct theories of negligence, no factual allegations have been included in the Complaint to support any of them. *id. at* ¶28.[2] As such, Defendant respectfully requests an Order dismissing the Complaint, providing Plaintiff an opportunity to either dismiss the negligence cause of action or allege specific case-related facts that establish a prima facie claim for negligence in compliance with the Federal Rules of Civil Procedure.

### IV.   Conclusion

For the reasons set forth herein, Defendant, respectfully requests that this Honorable Court grant its Motion to Dismiss Plaintiff's Complaint.

Dated: March 13, 2025
     Miami, Florida

                              Respectfully submitted:

                              **MALTZMAN & PARTNERS, P.A.**
                                  By:    *s/ Jeffrey B. Maltzman*

---

[2] By way of example, the allegations contained in ¶28(a)-(b) contend that Defendant failed to adequately investigate the background of its crewmembers, however no factual allegations has been levied that anything in any relevant crewmember's background check would have provided notice to Defendant that the subject crewmember had a propensity for sexual assaults such that they could be considered a dangerous condition for the purposes of pleading notice. Without such a factual allegation the Complaint fails to plead both notice and causation and should be dismissed.

>Jeffrey B. Maltzman
>Florida Bar No. 48860
>*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the foregoing was electronically filed with the Clerk of the Court via CM/ECF on this day of 13th day of March 2025. I also certify that the foregoing was served on all counsel or parties of record on the attached Service List either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronic Notices of Filing.

>By: *s/ Jeffrey B. Maltzman*
>Jeffrey B. Maltzman
>Florida Bar No. 48860

## SERVICE LIST
## CASE NO. 1:24-cv-23421-CMA

| | |
|---|---|
| NICHOLAS I. GERSON<br>Florida Bar No. 0020899<br>ngerson@gslawusa.com<br>filing@gslawusa.com<br>PHILIP M. GERSON<br>Florida Bar No. 127290<br>pgerson@gslawusa.com<br>EDWARD S. SCHWARTZ<br>Florida Bar No. 346721<br>eschwartz@gslawusa.com<br>DAVID L. MARKEL<br>Florida Bar No. 78306<br>dmarkel@gslawusa.com<br>**GERSON & SCHWARTZ, P.A.**<br>1980 Coral Way<br>Miami, Florida 33145<br>Telephone: (305) 371-6000<br>Facsimile: (305) 371-5749<br>***Attorneys for Plaintiffs*** | Jeffrey B. Maltzman, Esq.<br>jeffreym@maltzmanpartners.com<br>Michael Andrew Lange, Esq.<br>michaels@maltzmanpartners.com<br>MALTZMAN & PARTNERS, P.A.<br>55 Miracle Mile, Suite 300<br>Coral Gables, FL  33134<br>Phone: 305-779-5665<br>Fax: 305-779-5664<br>*Attorneys for Defendant* |