UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:25-cv-20562-RKA

D.D.
A citizen and resident of Arizona,

    Plaintiff,

v.

PRINCESS CRUISE LINES, LTD.
A foreign Corporation with its principal place of
business in California, d/b/a
PRINCESS CRUISES,

    Defendant.
_____/

**DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT**

Defendant, PRINCESS CRUISES LTD., (hereafter "Defendant" or "Princess"), by and through undersigned counsel, hereby moves to dismiss the Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). Defendant petitions the Court to enter an Order dismissing Counts II, III, and IV of the Amended Complaint and Demand for Jury Trial (DE 13) with prejudice.

### I. Introduction

Plaintiff brings a four count Amended Complaint for vicarious strict liability (Count I), negligent security (Count II), negligent screening (Count III), and negligent failure to warn (Count IV). The Amended Complaint alleges that after a late evening of dancing in a shipboard lounge during which time Plaintiff, a passenger on Defendant's cruise ship, became impaired and was escorted to her cabin by an unnamed crewmember who Plaintiff alleged "sexual[y] assault[ed]

and/or rape[d]" her. *See* Amended Complaint, ¶¶ 12-14, (DE 13). The Amended Complaint claims Defendant's vicarious strict liability (Count I) stems from the intentional tort of a crewmember, and Plaintiff need not plead Defendant's notice of the allegedly dangerous condition to establish the elements of that cause of action. The pleading standards do however require a complaint plead the factual basis for the notice and causation elements of each cause of action alleging that Defendant is directly negligent (Counts II, III and IV). The Amended Complaint does not plead notice of the allegedly dangerous condition, the accused crewmember's character or willingness to commit a sexual assault, nor does it plead causation for the negligent screening cause of action. Instead the Amended Complaint seeks to hold Defendant directly liable for negligence by broadening the notice of the allegedly dangerous condition requirement to subsume notice of any sexual assault within the cruise industry. The Amended Complaint must plead the factual basis for Defendant's notice that the subject crewmember constituted a dangerous condition, such that Defendant would have or should have known of his character or willingness to commit the sexual assault. However, the Amended Complaint does not allege that the subject crewmember communicated his intent to commit the intentional tort to any other crewmember, had a criminal background, or was ever previously accused of any intentional tort, and therefore the Amended Complaint fails to allege the requisite element of notice. Likewise, the Amended Complaint does not identify that any prior criminal record exists to establish causation for the negligent screening cause of action. As the Amended Complaint fails to plead a factual basis for the elements of negligence, Defendant petitions the Court to enter an Order dismissing counts II, III, and IV of the Amended Complaint with prejudice.

**II.  Legal Standard**

To survive a Rule 12(b)(6) motion, a complaint must allege "enough facts to state a claim

to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level, … on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 555 (citations omitted). "The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." *Id.* Although the Court must accept as true a complaint's well pleaded facts, conclusory allegations of law and unwarranted inferences will not defeat an otherwise proper Rule 12(b)(6) motion. *Id.*

III.   **Memorandum of Law**

A.  **Federal Maritime Law Applies to Plaintiffs' Claims**

As Plaintiff acknowledges that Federal Maritime Law applies by pleading that "Federal maritime law" applies to Plaintiff's claims. Amended Complaint, ¶¶ 7, 19, (DE 13). General maritime law applies to actions arising from alleged torts "committed aboard a ship sailing in navigable waters." *Keefe*, 867 F.2d at 1320-21; *see also Beard v. Norwegian Caribbean Lines*, 900 F.2d 71 (6th Cir. 1990).  "'[V]irtually every activity involving a vessel on navigable waters" is a "traditional maritime activity sufficient to invoke maritime jurisdiction." *See Taghadomi v. United States*, 401 F.3d 1080, 1087 (9th Cir. 2005) (quoting *Jerome B. Grubart, Inc. v. Great Lakes Dredge & Dock Co.*, 513 U.S. 527, 542 (1995)); *Wilkinson v. Carnival Cruise Lines, Inc.*, 920 F.2d 1560, 1654 n. 10 (11th Cir. 1991) ("In maritime tort cases such as this one, in which injury occurs aboard a … ship upon navigable waters, federal maritime law governs the substantive legal issues.").

B.  **The Amended Complaint Violates Federal Rules of Civil Procedure 8 and 10**

3

The Amended Complaint fails to comport with pleading requirements and must be dismissed. Today, Fed. R. Civ. P. 8 "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Iqbal*, 556 U.S. at 678; *See also Twombly*, 550 U.S. at 570. The heighted pleading standard adopted by the Supreme Court is not aspirational, it is governing law. In recognition of the discovery abuses endured by defendants under the plead first and find factual support during discovery litigation tactic endorsed by *Conley v. Gibson,* 355 U.S. 41 (1957)*,* the Supreme Court reversed course in its landmark opinions of *Twombly* and *Iqbal*. *Twombly*, 550 U.S. at 570 and *Iqbal*, 556 U.S. at 678. Key here are the two working principals analyzed by the Supreme Court in *Iqbal* to reach the conclusion that *Twombly's* interpretation of Fed. R. Civ. P. 8 "governs the pleading standard 'in all civil actions.'" *Iqbal*, 556 U.S. at 678-679 (citing Twombly, 550 U.S. at 556). As the Supreme Court explained:

> **Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice**. *Id*., at 555, 127 S.Ct. 1955 (Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, **we "are not bound to accept as true a legal conclusion couched as a factual allegation"** (internal quotation marks omitted)). Rule 8 marks a notable and generous departure from the hypertechnical, code-pleading regime of a prior era, **but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusion**.

*Iqbal*, 556 U.S. at 678-679 (citing *Twombly,* 550 U.S. at 556) (emphasis added).

Affirming their rejection of the "careful-case-management approach," and recognizing that the limitations placed on the discovery process by the court of appeals which cabined "discovery in such a way as to preserve petitioners' defense of qualified immunity" was not good enough, the Supreme Court explained in *Iqbal* that:

> **We have held, however, that the question presented by a motion to dismiss a complaint for insufficient pleadings does not turn on the controls placed upon the discovery process.** *Twombly*, supra, at 559, 127 S.Ct. 1955 ("It is no answer to say that a claim just shy of a plausible entitlement to relief can, if groundless, be weeded out early in the discovery process through careful case management given

4

the common lament that the success of judicial supervision in checking discovery abuse has been on the modest side" (internal quotation marks and citation omitted)).

*Id*. at 685 (citing *Twombly,* 550 U.S. at 559) (emphasis added). In dismissing the petitioner's cause of action in *Iqbal*, the Supreme Court concluded that:

> **We decline respondent's invitation to relax the pleading requirements on the ground that the Court of Appeals promises petitioners minimally intrusive discovery.** That promise provides especially cold comfort in this pleading context, where we are impelled to give real content to the concept of qualified immunity for high-level officials who must be neither deterred nor detracted from the vigorous performance of their duties. **Because respondent's complaint is deficient under Rule 8, he is not entitled to discovery, cabined or otherwise.**

*Id*. at 686 (emphasis added).

Under Fed. R. Civ. P. 8(a)(2), a plaintiff must allege a breach of duty by providing a "short and plain statement of the claim showing that the pleader is entitled to relief." While "detailed factual allegations" are not required, it demands "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. At a minimum, a plaintiff must state "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. A plaintiff must allege enough facts to "nudge [a plaintiff's] claims across the line from conceivable to plausible." *Id*. As the Supreme Court explained in *Iqbal,* pleadings alleging that a defendant "knew of, condoned, and willfully and maliciously [acted]," amount to "formulaic recitations of the elements." *Iqbal*, 556 U.S. at 680-681.

### 1. The Amended Complaint Fails to Plead the Notice Element of Negligence

Counts II, III, and IV of the Amended Complaint fail to factually allege the elements of negligence and should be dismissed.[1] "To plead negligence, a plaintiff must allege that (1) the

---

[1] This is the second time that Defendant has proffered this argument. In response to Defendant's initial Motion to Dismiss, Plaintiff chose amend the Complaint to attempt to address the issues raised by Defendant. Thus, further amendments are unlikely to cure this deficiency and these causes of action should be dismissed with prejudice.

defendant had a duty to protect the plaintiff from a particular injury; (2) the defendant breached that duty; (3) the breach actually and proximately caused the plaintiff's injury; and (4) the plaintiff suffered actual harm." *See Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1336 (11th Cir. 2012). It is settled law that "[a] carrier by sea does not serve as an insurer to its passengers; it is liable only for its negligence." *Weiner v. Carnival Cruise Lines*, No. 11-CV-22516, 2012 WL 5199604, at *2 (S.D. Fla. Oct. 22, 2012); *See Kermarec v. Compagnie Generale Translatlantique*, 358 U.S. 625, 632 (1959). A defendant is liable for negligence if the plaintiff shows, *inter alia*, that the defendant owed a duty to the plaintiff and breached that duty. *Samuels v. Holland Am. Line-USA Inc.*, 656 F.3d 948, 953 (9th Cir. 2011). The Eleventh Circuit recently reaffirmed the principle that, **"to survive [a] motion to dismiss," the plaintiff must "plead sufficient facts to support each element of his claim, including that [the defendant] had actual or constructive notice about the dangerous condition."** *Holland v. Carnival Corp.*, 50 F.4th 1088, 1095 (11th Cir. 2022) (emphasis added). Mere "conclusory allegations" as to notice are not enough. *Id.* at 1095. In other words, the "*possibility* that [the Defendant] ha[s] constructive notice" is not enough. *Id.* at 1096. Allegations must "cross the line from possibility to plausibility of entitlement to relief." *Id.*

The owner of a cruise ship in navigable waters owes its passengers "the duty of exercising reasonable care under the circumstances of each case." *Id*. (quoting *Kermarec*, 358 U.S. at 632). A cruise-ship owner cannot be held liable for breaching its duty unless it had actual or constructive notice of the risk. Actual notice exists when "the defendant knows of the risk creating condition." *Bujarski v. NCL (Bahamas) Ltd.*, 209 F. Supp. 3d 1248, 1250 (S.D. Fla. 2016) (citing *Keefe v. Bahama Cruise Line, Inc.,* 867 F.2d 1318, 1322 (11th Cir. 1989)). And constructive notice arises when "a dangerous condition has existed for such a period of time that the shipowner must have known the condition was present and thus would have been invited to correct it." *Id*. at 1250-51

6

(quotations omitted)); *See also Navarro v. Carnival Corp.*, No. 19-21072-Civ, 2020 WL 1307185, at *3 (S.D. Fla. March 19, 2020) (same). The Amended Complaint fails to establish either.

Each of these causes of action are predicated upon the same set of allegations to establish notice. *See* Amended Complaint, ¶¶ 24, 30, and 36, (DE 13). None of the purported notice allegations however relate to Defendant's notice of the unnamed crewmember's desire or willingness to commit a sexual assault. *Id.* Instead, Plaintiff offers reports of industry-wide trends, claims related to crewmember on crewmember assaults, and claims of assaults committed by employees of other companies. *Id. at* ¶¶ 24(a-b), 30(a-b), and 36(a-b). The Amended Complaint also asserts that Defendant should have notice that a particular crewmember would commit a sexual assault simply because passengers can drink alcohol while interacting with waitstaff. *See* Amended Complaint, ¶¶ 24(c-d), 30(c-d), and 36(c-d), (DE 13). The Amended Complaint's final purported allegation of notice copied into each cause of action is that Defendant should be held to be on notice of the subject crewmember's willingness to commit a sexual assault because Defendant has a no fraternization policy, however there is no logical connection between sexual assault and a policy prohibiting consensual sex. *See* Amended Complaint, ¶¶ 24(e), 30(e), and 36(e), (DE 13). None of these allegations plead notice. As the Amended Complaint fails to establish the element of notice, Defendant petitions the Court to enter an Order dismissing Counts II, III, and IV of the Amended Complaint with prejudice.

### a. Legislative Findings Are Not Notice of an Intentional Tort

The Amended Complaint alleges that nearly fifteen years ago a study indicated that between the years 2005 and 2010, grouped together physical and sexual assaults were the leading crimes investigated by the FBI as it relates to cruise ships. *See* Amended Complaint, ¶¶ 24(a), 30(a), and 36(a), (DE 13). Such a statistic cannot serve as the basis of notice of the dangerous

7

condition alleged in the Amended Complaint, as there is no connection between the FBI's investigation statistics from 2005-2010 and Defendant's notice that its crewmember would commit a sexual assault or rape. Any alternative interpretation would essentially hold that the entirety of the cruise line industry is on notice of any sexual assault. Such general knowledge allegations are barebone, lacking factual detail, and to the extent that the Plaintiff's Amended Complaint could be "'interchangeably alleged against any cruise line defendant' the plaintiff has failed to adequately state a claim." *Rosenberg v. NCL (Bahamas) Ltd.*, No. 22-23642-CIV, 2023 WL 1466858, at *2 (S.D. Fla. Feb. 2, 2023) (citing *Christie v. Royal Caribbean Cruises, Ltd.*, No. 20-22439-Civ, 2020 WL 6158815, at *6 (S.D. Fla. Oct. 21, 2020) (Scola, J.).); *See also Holland v. Carnival Corp.*, 50 F.4th 1088, at*3 (11th Cir. 2022); *Newbauer v. Carnival Corp.*, 26 F.4th 931 *at* *3 (11th Cir. 2022) (Cert. Denied). As general statistics regarding the FBI's investigation frequency of the cruise industry do not provide notice to Defendant of the crewmember who allegedly sexually assaulted Plaintiff, Defendant petitions the Court to enter an Order dismissing Counts II, III, and IV of the Amended Complaint with prejudice.

### b. Other Sexual Assaults Are Unrelated and Do Not Impute Notice

Plaintiff's reliance on other sexual assaults as notice in this case of the subject crewmember is misguided. *See* Amended Complaint, ¶¶ 24(b), 30(b), and 36(b), (DE 13). Notice that one person was accused of a sexual assault does not create notice that a different person will commit a different sexual assault on a different vessel. Even if the Court were inclined to broaden the scope of what could reasonably be considered the alleged dangerous condition as suggested by the Amended Complaint, the examples cited do not involve any Princess employee assaulting a passenger, and

8

thus are factually divorced from the facts alleged here.[2]

While admittedly dissimilar, as a cause of action for unseaworthiness brought by a seaman has markedly different elements than a cause of action for negligence brought by a passenger, courts sitting in admiralty have addressed that it is the "attacker's vicious character" which is relevant to the issue of notice, not that attacks may happen within any maritime industry. *See Clevenger v. Star Fish & Oyster Co.*, 325 F.2d 397, 400 (5th Cir. 1963). Courts have explained that if the accused "was a man of violent, vicious propensities which would constitute a menace, the defendant was bound to use care to remove the peril, provided, however, that the facts of his temperament were known, or should have been known to the defendant." *See* Keen v. Overseas Tankship Corp., 194 F.2d 515, 517 (2d Cir. 1952) (internal quotations omitted).[3]

The Amended Complaint does not allege that the subject crew member was involved in any of the other incidents cited by the Amended Complaint, nor does it allege anything about the alleged assailant that would constitute notice to the Defendant of the individual's character. As none of the prior sexual assaults referenced by the Amended Complaint provide notice to

---

[2] In *Doe,* plaintiff was a crewmember who alleges to have been drugged and raped during a crew party in a crew cabin by a crewmember. *Doe v. Princess Cruise Lines, Ltd.,* 657 F.3d 1204, 1209 (11th Cir. 2011). Likewise the *Haasbroek* Plaintiff, who was an employee in the ship's spa, alleged to have been raped by a crewmember. *Haasbroek v. Princess Cruise Lines, Ltd.*, 286 F. Supp. 3d 1352, 1355 (S.D. Fla. 2017). Finally, while the Amended Complaint does not identify the name of the case related to the alleged HIV contraction, Defendant presumes it references *Jane Doe (B.U.) v. Princess Cruise Lines, LTD., a corporation for profit, Park West Galleries, INC., a corporation for profit*, 2:23-cv-00009-MEMF-AFM, (C.D. Cal 1/3/2023), in which the plaintiff alleges that "the Assailant" was not an employee of Princess, but rather employed by Park West, which is why the third party concessionaire named as a defendant is alleged to be the direct employer of the alleged assailant. *See Jane Doe (B.U.) v. Princess Cruise Lines, LTD., a corporation for profit, Park West Galleries, INC., a corporation for profit*, 2:23-cv-00009-MEMF-AFM, (C.D. Cal 1/3/2023) (DE 1), p.4, ¶¶ 13-14.
[3] Both of these cases did not turn on the issue of notice, as a claim for unseaworthiness does not require a plaintiff to establish notice, however the courts' analysis of notice focuses upon the character of the accused, not other bad actors unrelated to the case at issue.

Defendant with regard to the crewmember who allegedly sexually assaulted Plaintiff, Defendant petitions the Court to enter an Order dismissing Counts II, III, and IV of the Amended Complaint with prejudice.

### c. Service of Alcohol is Not Notice of Sexual Assault

The Amended Complaint contends that because passengers on Defendant's vessels are served alcohol, Defendant should be held to be on notice of any sexual assault that occurs on its vessels. *See* Amended Complaint, ¶¶24(c-d), 30(c-d), and 36(c-d), (DE 13). Specifically, Plaintiff has alleged that notice exists for the alleged sexual assault because there was an "enhanced risk of sexual assault, rape, or other sexual misconduct by crewmembers working in onboard bars," because drowsy passengers in the "late evening hours" "voluntarily consume alcoholic beverages" making it difficult for them to "detect or resist improper advances by crewmembers." *Id.* Here, the Amended Complaint is attempting to put the entire cruise line industry on notice of any sexual assault involving a passenger drinking because alcohol is sold at night on cruise ships. Yet again, Plaintiff's Amended Complaint could be "'interchangeably alleged against any cruise line defendant' [and therefore] the plaintiff has failed to adequately state a claim." *Rosenberg v. NCL (Bahamas) Ltd.*, No. 22-23642-CIV, 2023 WL 1466858, at *2 (S.D. Fla. Feb. 2, 2023) (citing *Christie v. Royal Caribbean Cruises, Ltd.*, No. 20-22439-Civ, 2020 WL 6158815, at *6 (S.D. Fla. Oct. 21, 2020) (Scola, J.)); *See also Holland v. Carnival Corp.*, 50 F.4th 1088, at*3 (11th Cir. 2022); *Newbauer v. Carnival Corp.*, 26 F.4th 931 *at* *3 (11th Cir. 2022) (Cert. Denied). Here, just as in *Holland*:

> Plaintiff **"mistakenly conflates foreseeability with actual or constructive notice."** Navarro, 2020 WL 1307185, at *3 (S.D. Fla. March 19, 2020) (Moreno, J.). As the Court suggested in Navarro, **the fact that an event is foreseeable**, i.e. that a "wet or slippery transient foreign substance" could end up on a highly trafficked staircase near shops and dining areas is foreseeable, but that **does not mean Carnival was on actual or constructive notice of that condition.** While

> constructive notice can be plead by showing a condition existed for a long enough period of time that the shipowner must have known of the danger, the Plaintiff provides no factual allegations at all to support a conclusion that Carnival should have known of the "wet or slippery transient foreign substance" on the stairs between deck 4 and 5. The totality of Plaintiff's allegations is that certain of the Defendant's employees may have been in a position to see that there was a liquid on the stairs in question and the stairs are in a high traffic area of the ship. As plead, it is impossible for the Court to tell if the hazardous condition the Plaintiff complains of was present for five second, five minutes, or five hours. While the Plaintiff's complaint makes clear it is possible that Carnival was on notice, the Plaintiff's complaint does not state a claim that is plausible on its face sufficient to survive a motion to dismiss.

*Holland v. Carnival Corp.*, No. 20-21789-CIV, 2021 WL 86877, at *3 (S.D. Fla. Jan. 11, 2021), aff'd, 50 F.4th 1088 (11th Cir. 2022) (emphasis added). The Amended Complaint must do more than allege that it is foreseeable that sexual assaults could occur when people drink alcohol. As service of alcohol cannot provide notice to Defendant of the crewmember who allegedly sexually assaulted Plaintiff, Defendant petitions the Court to enter an Order dismissing Counts II, III, and IV of the Amended Complaint with prejudice.

### d. A No-Fraternization Policy Is Not Notice of Sexual Assault

The Amended Complaint alleges that Defendant had "a policy prohibiting crewmembers from fraternizing with or engaging in intimate relations with passengers," which Plaintiff contends demonstrates Defendant's notice of the dangerous condition alleged. *See* Amended Complaint, ¶¶24(e), 30(e), and 36(e), (DE 13). This allegation is a non-sequitur. A policy prohibiting crew from engaging in consensual relations with passengers has nothing to do with a crewmember's desire or willingness to commit a sexual assault. No allegation exists as to how long this alleged policy was in existence, or that such a policy came as a corrective measure after a sexual assault. The alleged policy against consensual relations cannot give notice of the crewmember identified by the Amended Complaint, as a no-fraternization policy prohibits consensual relations, which have not been alleged here. Furthermore, to hold that any cruise line with a no-fraternization policy

is automatically held to have notice of any sexual assault committed by its crewmembers would essentially undue the notice requirement in sexual assaults cases. As the alleged policy cannot provide notice of a specific individual's intentions, Defendant petitions the Court to enter an Order dismissing Counts II, III, and IV of the Amended Complaint with prejudice.

### 2. The Amended Complaint Fails to Plead the Causation Element of Negligence

The Amended Complaint's third cause of action for negligent vetting/screening fails to allege sufficient factual allegations to satisfy the causation element of negligence. Specifically, no facts have been pled as to what disqualifying information Defendant should have discovered regarding "the crewmember who assaulted Plaintiff." *See* Amended Complaint, ¶ 33, (DE 13).[4] Because the Amended Complaint is silent as to what disqualifying information could have been detected by "reasonably adequate screening and vetting" of the subject crewmember, there is inadequate information pled to support a cause of action for failing to screen. *Id.* To be able to sufficiently plead the element of causation, Plaintiff would have to factually plead that there was something disqualifying in the crewmember's background that should have been discovered but was not due to the alleged negligence.[5] Hyperbolically, even if Defendant did not conduct any screening of its crew (which is not the case here), some disqualifying information would still have to be alleged to exist, otherwise a screening could not result in disqualification for employment. Thus, logic dictates that in the absence of a factual allegation that the accused crewmember had some specific disqualifying characteristic or history, the Amended Complaint fails to tie the

---

[4] Which Defendant contends is also the type of factual allegation needed to establish notice of the allegedly dangerous condition.

[5] It is no recourse for Plaintiff to now say that discovery is needed to identify what was in the background check, as Fed. R. Civ. P. 8 "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Iqbal*, 556 U.S. at 678; *See also Twombly*, 550 U.S. at 570.

alleged negligent screening to the alleged damages by way of causation. As the Amended Complaint fails to establish causation, Defendant petitions the Court to enter an Order dismissing Count III of the Amended Complaint with prejudice.

## IV. Conclusion

For the reasons set forth herein, Defendant, respectfully requests that this Honorable Court grant its Motion to Dismiss Plaintiff's Amended Complaint and enter an Order dismissing Counts II, III, and IV of the Amended Complaint with prejudice.

Dated: April 17, 2025
Miami, Florida

Respectfully submitted:

**MALTZMAN & PARTNERS, P.A.**

By:  *s/ Jeffrey B. Maltzman*
     Jeffrey B. Maltzman
     Florida Bar No. 48860
     *Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the foregoing was electronically filed with the Clerk of the Court via CM/ECF on this day of 17th day of April 2025. I also certify that the foregoing was served on all counsel or parties of record on the attached Service List either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronic Notices of Filing.

By:  *s/ Jeffrey B. Maltzman*
     Jeffrey B. Maltzman
     Florida Bar No. 48860

## SERVICE LIST

13

**CASE NO. 1:25-cv-20562-RKA**

| | |
|---|---|
| NICHOLAS I. GERSON<br>Florida Bar No. 0020899<br>ngerson@gslawusa.com<br>filing@gslawusa.com<br>PHILIP M. GERSON<br>Florida Bar No. 127290<br>pgerson@gslawusa.com<br>EDWARD S. SCHWARTZ<br>Florida Bar No. 346721<br>eschwartz@gslawusa.com<br>DAVID L. MARKEL<br>Florida Bar No. 78306<br>dmarkel@gslawusa.com<br>GERSON & SCHWARTZ, P.A.<br>1980 Coral Way<br>Miami, Florida 33145<br>Telephone: (305) 371-6000<br>Facsimile: (305) 371-5749<br>*Attorneys for Plaintiff* | Jeffrey B. Maltzman, Esq.<br>jeffreym@maltzmanpartners.com<br>Michael Andrew Lange, Esq.<br>michaels@maltzmanpartners.com<br>MALTZMAN & PARTNERS, P.A.<br>55 Miracle Mile, Suite 300<br>Coral Gables, FL  33134<br>Phone: 305-779-5665<br>Fax: 305-779-5664<br>*Attorneys for Defendant* |