UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:25-cv-20562-RKA

D.D.
A citizen and resident of Arizona,

    Plaintiff,

v.

PRINCESS CRUISE LINES, LTD.
A foreign Corporation with its principal place of
business in California, d/b/a
PRINCESS CRUISES,

    Defendant.
_____/

## ANSWER AND AFFIRMATIVE DEFESNES

Defendant, PRINCESS CRUISES LTD., (hereafter "Defendant" or "Princess"), files its Answer and Affirmative Defenses to Plaintiff's Amended Complaint and Demand for Jury Trial and states as follows:

### JURISDICTION, VENUE, AND PARTIES

1. Admitted only that Plaintiff alleges damages in excess of $75,000.

2. Unknown and therefore denied.

3. Admitted that venue is proper in the United States District Court for the Southern District of Florida. All else is denied as phrased.

4. Admitted that venue is proper in the United States District Court for the Southern District of Florida. All else is denied as phrased.

5. Admitted that venue is proper in the United States District Court for the Southern District of Florida. All else is denied as phrased.

6. Admitted that venue is proper in the United States District Court for the Southern District of Florida. All else is denied as phrased.

7. Admitted that venue is proper in the United States District Court for the Southern District of Florida. All else is denied as phrased.

8. Admitted only that Plaintiff has complied with the written pre-suit notice provision. All else is denied as phrased.

## COMMON ALLEGATIONS

9. Admitted only that Defendant operated the *Caribbean Princess.* All else is denied as phrased.

10. Admitted that Plaintiff was a passenger on the *Caribbean Princess* on or about the date alleged. All else is denied.

11. Admitted only that the subject cruise called on Fort Lauderdale, Florida. All else is denied as phrased.

12. Denied as phrased.

13. Denied as phrased.

14. Denied.

15. Denied.

16. Denied.

17. Denied.

## COUNT I – VICARIOUS STRICT LIABILITY

18. Defendant hereby adopts and realleges each and every answer to paragraphs 1-17 as if set forth herein.

19. Objection this paragraph calls for a legal conclusion to which no response is necessary or approrepiate.   To the extent any response is required, Defendant responds: Denied

20. Denied.

21. Denied.

Wherefore Clause: Denied.

## Count II – NEGLIGENT SECURITY BY DEFENDANT PRINCESS

22. Defendant hereby adopts and realleges each and every answer to paragraphs 1-17 as if set forth herein.

23. Denied as phrased.

24. Denied including all subparts.

25. Admitted only that a shipowner owes a duty of reasonable care to passengers. All else is denied.

26. Denied including all subparts.

27. Denied.

Wherefore Clause: Denied.

## COUNT III – NEGLIGENT VETTING/SCREENING OF CREWMEMBERS BY DEFENDANT PRINCESS

28. Dismissed with prejudice.

29. Dismissed with prejudice.

30. Dismissed with prejudice.

31. Dismissed with prejudice.

32. Dismissed with prejudice.

33. Dismissed with prejudice.

Wherefore Clause: Dismissed with prejudice.

## COUNT IV – NEGLIGENT FAILURE TO WARN BY DEFENDANT PRINCESS

34. Defendant hereby adopts and realleges each and every answer to paragraphs 1-17 as if set forth herein.

35. Denied.

36. Denied including all subparts.

37. Admitted only that a shipowner owes a duty of reasonable care to passengers. All else is denied.

38. Denied.

39. Denied.

40. Denied.

Wherefore Clause: Denied.

## AFFIRMATIVE DEFENSES

As separate and complete defenses, based on information and belief, PRINCESS states as follows:

### FIRST AFFIRMATIVE DEFENSE

PRINCESS asserts that the Plaintiff's claims are governed by general maritime law and that any recovery is limited by same.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are governed by, and subject to, the terms, limitations, and conditions contained within the contract for passage (Passage Contract) and Defendants adopt and incorporate the contract for passage into the answer by reference.

### THIRD AFFIRMATIVE DEFENSE

PRINCESS asserts that the Plaintiff's negligence was the sole, proximate cause of his alleged injuries, if any, which PRINCESS specifically denies.

### FOURTH AFFIRMATIVE DEFENSE

PRINCESS asserts that the incident and injuries alleged by the Plaintiff, if any, were the result of superseding, intervening, and/or unforeseeable causes from which PRINCESS had no duty to protect Plaintiff.

**FIFTH AFFIRMATIVE DEFENSE**

PRINCESS asserts that the Plaintiff failed to act timely and reasonably and/or failed to exercise due care in order to minimize or mitigate her alleged damages.

**SIXTH AFFIRMATIVE DEFENSE**

PRINCESS asserts that the damages allegedly suffered by the Plaintiff were not the result of any act or omission on the part of PRINCESS but were caused by Plaintiff's pre-existing injuries and/or other trauma or illness suffered by the Plaintiff during her lifetime. To the extent that PRINCESS is liable for aggravating any pre-existing injury, illness, or condition, which PRINCESS specifically denies, Plaintiff's damages should only be for an amount commensurate with the degree that said pre-existing injury, illness or condition was aggravated by the conduct or omission of PRINCESS.

**SEVENTH AFFIRMATIVE DEFENSE**

PRINCESS asserts that as a result of the conduct, acts or omissions of Plaintiff as asserted in the Second Affirmative Defense above, Plaintiff is estopped from claiming the damages alleged in the Complaint.

**EIGHTH AFFIRMATIVE DEFENSE**

Plaintiff has failed to state a claim that any act or omission of Defendant was the substantial factor in causing the alleged injuries and damages set forth in Plaintiff's Amended Complaint.

**NINTH AFFIRMATIVE DEFENSE**

PRINCESS asserts that Plaintiff had actual knowledge and/or notice of any alleged dangerous condition, if any, and realized and appreciated the potential for injury as a result of such

alleged condition; and, having a reasonable opportunity to avoid it, consciously and voluntarily exposed herself to same.

### TENTH AFFIRMATIVE DEFENSE

PRINCESS asserts that any injuries or damages suffered by Plaintiff, if any, were solely caused by the actions and/or omissions of third parties for whom PRINCESS has no responsibility or liability.

### ELEVENTH AFFIRMATIVE DEFENSE

PRINCESS asserts that the Plaintiff failed to seek timely and/or appropriate medical treatment for the injuries alleged in the Amended Complaint, and that such failure exacerbated any such injuries to the extent that any award of damages to Plaintiff must be proportionately reduced accordingly.

### TWELFTH AFFIRMATIVE DEFENSE

PRINCESS asserts that it has no legal responsibility for the damages or injuries alleged by Plaintiff in the Amended Complaint, if any; however, in the event that PRINCESS is held liable, any liability being specifically denied by PRINCESS, said liability will be due in whole or in part to the breach of warranty, acts, omissions, activities, failures, recklessness or negligence of others. Accordingly, any recovery by the Plaintiff against PRINCESS should be reduced in proportion to the respective negligence, fault, or responsibility of all other parties, persons, or entities, including their agents, servants, representatives, or employees who contributed to or caused any injury or damages to Plaintiff, if any, in accordance with the law governing comparative fault.

### THIRTEENTH AFFIRMATIVE DEFENSE

PRINCESS asserts that its liability, if any, must be reduced by the comparative amount of liability and/or fault attributable to Plaintiff for the reasons set forth in the preceding and

subsequent affirmative defenses.

## FOURTEENTH AFFIRMATIVE DEFENSE

PRINCESS asserts that PRINCESS did not have notice of the allegedly dangerous condition(s), if any, and therefore did not have a duty to warn Plaintiff as to the existence of same.

## FIFTEENTH AFFIRMATIVE DEFENSE

PRINCESS asserts that it fully discharged its duties to the passengers of the subject vessel, including Plaintiff, by warning of any and all known dangers and/or conditions unique to the vessel, if any.

## SIXTEENTH AFFIRMATIVE DEFENSE

PRINCESS asserts that, to the extent applicable, any award of damages to Plaintiff, if any, should be reduced by any collateral source payments paid to and/or received by Plaintiff.

## SEVENTEENTH AFFIRMATIVE DEFENSE

To the extent applicable, any award of damages to Plaintiff, if any, should be reduced by amounts of medical expenses billed but never actually paid. Plaintiff is not entitled to recover for discounts and write-offs.

## EIGHTEENTH AFFIRMATIVE DEFENSE

PRINCESS asserts that this action is governed by, and subject to, the terms, limitations, and conditions contained within the contract for passage, and PRINCESS adopts and incorporates same in its entirety into its answer by reference.

## NINETEENTH AFFIRMATIVE DEFENSE

PRINCESS asserts that as set forth in the Passenger Ticket Contract, because Plaintiff's claims are governed by admiralty/maritime law and/or this court's admiralty jurisdiction, Plaintiff has no right to a jury trial and all disputes are to be tried without a jury.

## TWENTIETH AFFIRMATIVE DEFENSE

The incident alleged in the Complaint was caused by a *force majeure* and/or Act of God. *Force Majeure's* and/or Acts of God are beyond Defendant's control and therefore Defendant is not liable for any loss or injury arising from a *force majeure* and/or Act of God.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

PRINCESS asserts that it did not have notice of an alleged unreasonably dangerous or defective condition.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

PRINCESS asserts that, in the event there is liability, which PRINCESS specifically denies, Plaintiff's medical expense damages are limited to their reasonable value taking into consideration all relevant evidence, including amounts billed, amounts paid, amounts not submitted, amounts which Plaintiff is not required to pay, and any discounts, write offs and set offs for amounts paid by third parties.

**WHEREFORE**, Defendant, having answered the Amended Complaint [D.E. 13] and asserted affirmative defenses demands judgment in its favor and against Plaintiff, along with all costs and attorney's fees available pursuant to the Federal Rules of Civil Procedure.

Dated: June 17, 2025
      Miami, Florida

                                                Respectfully submitted:
                                                **MALTZMAN & PARTNERS, P.A.**

By:        /s/ *Michael Andrew Lange*
            Michael Andrew Lange, Esq.
            Florida Bar No. 127206
            michael@maltzmanpartners.com
            55 Miracle Mile, Suite 300
            Coral Gables, FL  33134
            Tel: 305-779-5665 / Fax: 305-779-5664
            *Attorney for Defendant*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the foregoing was electronically filed with the Clerk of the Court via CM/ECF on this day of 17th day of June 2025.  I also certify that the foregoing was served on all counsel or parties of record on the attached Service List either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronic Notices of Filing.

                                                By:    s/ *Michael Andrew Lange*
                                                      Michael Andrew Lange
                                                      Florida Bar No. 127206

## SERVICE LIST
### CASE NO. 1:25-cv-20562-RKA

| | |
|---|---|
| NICHOLAS I. GERSON<br>Florida Bar No. 0020899<br>ngerson@gslawusa.com<br>filing@gslawusa.com<br>PHILIP M. GERSON<br>Florida Bar No. 127290<br>pgerson@gslawusa.com<br>EDWARD S. SCHWARTZ<br>Florida Bar No. 346721<br>eschwartz@gslawusa.com | Jeffrey B. Maltzman, Esq.<br>jeffreym@maltzmanpartners.com<br>Michael Andrew Lange, Esq.<br>michaels@maltzmanpartners.com<br>MALTZMAN & PARTNERS, P.A.<br>55 Miracle Mile, Suite 300<br>Coral Gables, FL  33134<br>Phone: 305-779-5665<br>Fax: 305-779-5664<br>*Attorneys for Defendant* |

| | |
|---|---|
| DAVID L. MARKEL<br>Florida Bar No. 78306<br>dmarkel@gslawusa.com<br>**GERSON & SCHWARTZ, P.A.**<br>1980 Coral Way<br>Miami, Florida 33145<br>Telephone: (305) 371-6000<br>Facsimile: (305) 371-5749<br>*Attorneys for Plaintiffs* | |